UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN P. HAINES, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                          Case No: 8:19-cv-2995-KKM-AEP

FIDELITY NATIONAL TITLE OF
FLORIDA, INC.,

    Defendant.
_____

## ORDER

Plaintiff John P. Haines moves to certify a class in this action on behalf of himself, and all others similarly situated, against Defendant Fidelity National Title of Florida, Inc. for gross negligence, negligence, breach of fiduciary duty, and unjust enrichment. (Doc. 77.) Fidelity opposes the motion. (Doc. 81.) The motion was referred to the Magistrate Judge, who held a hearing and issued a Report and Recommendation that the motion be denied. (Doc. 107.) Considering the parties' joint notice of non-objection to the Report and Recommendation, (Doc. 121), the Court adopts it and denies Haines's motion.

In June 2019, Haines and his partner entered into a real estate purchase and sale contract (Contract) to buy property with the assistance of a real estate broker. (Doc. 77,

Ex. A, Contract.) Haines was the "Buyer" and the owners were the "Seller." (*Id.*) To memorialize the agreement, Haines and the Seller used a standard form known as the "'AS IS' Residential Contract for Sale and Purchase" approved by the Florida Bar and the Florida Association of Realtors. According to Haines, he and the Seller agreed that the Seller would pay the designated closing costs if Haines paid for the property with cash, which he did.

To facilitate the closing of the real estate transaction, the Seller designated Fidelity as the closing agent. During the closing process, Fidelity performed its closing services and charged Haines a closing services fee of $350. (Doc. 77, Ex. A, Settlement Statement.) At the time of closing, Haines neither objected to the $350 fee nor discussed with Fidelity any dispute over whether the settlement statement was prepared in accordance with the Contract.

Haines asserts that nothing obligates him, or other similarly situated cash buyers, to pay Fidelity a closing services fee in connection with their real estate transactions, and, by allocating and collecting a closing services fee, Fidelity breached its fiduciary duty to him and other cash buyers; Fidelity was either grossly negligent or negligent in performing its duties in conjunction with its provision of closing services to cash buyers; and Fidelity was unjustly enriched as a result of the actions. (Doc. 43.) In the Second Amended Complaint, Haines sets forth claims on behalf of himself and all others similarly situated against

2

Fidelity for gross negligence, negligence, breach of fiduciary duty, and unjust enrichment. (Doc. 43.) Haines now moves on behalf of himself, and all others similarly situated, for class certification on the claims for breach of fiduciary duty and unjust enrichment. (Doc. 77.)

After reviewing the Motion, the Magistrate Judge issued a Report recommending that this Court deny Haines's class certification motion. (Doc. 91.) The parties subsequently filed a joint notice of non-objection to the Report and Recommendation. (Doc. 122.) Nevertheless, this Court reviews the Magistrate Judge's conclusions de novo. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019) (Steele, J.).

After a careful and complete review, the Court concludes that Haines's class certification motion should be denied for the reasons stated in the Magistrate Judge's Report. (Doc. 121.) Under Rule 23(a), one or more members of a class may sue as representative parties on behalf of all members only if the movant establishes the numerosity, commonality, typicality, and adequacy-of-representation requirements. Fed. R. Civ. P. 23(a)(1)-(4). In addition, Rule 23(b)(3) requires that the putative class satisfy the requirements of predominance of common issues and superiority of the class action to other means of litigation. Fed. R. Civ. P. 23(b)(3). The Magistrate Judge concluded that Haines's proposed class satisfies the Rule 23(a) requirements, (Doc. 121 at 36), but that it

3

fails to satisfy either of the Rule 23(b)(3) requirements, (Doc. 121 at 49, 59–60). To satisfy the predominance requirement, the moving party must demonstrate that the issues in the class action are subject to generalized proof, and therefore applicable to the class, predominate over the issues subject only to individualized proof. *See Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009). Neither Haines's claim for breach of fiduciary duty nor his claim for unjust enrichment predominate because individualized inquiries regarding the elements of the claim, the defenses, and the damages predominate over any issues common to the class.

The superiority analysis under Rule 23(b)(3) focuses on the relative advantages of proceeding as a class action over other forms of litigation that might be realistically available to a moving party. *See Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc.*, 601 F.3d 1159, 1183–84 (11th Cir. 2010). Here, a class action would create more manageability problems than its alternatives, *see Cherry v. Dometic Corp.*, 986 F.3d 1296, 1304–05 (11th Cir. 2021), because it would take a significant amount of time to identify the possible class members; each transaction would require individualized review; and the presence of issues, such as modifications, written or oral, and knowledge-based defenses, would need to be addressed individually. Under these circumstances, proceeding as a class action would not prove superior. As Haines failed to satisfy the requirements of Rule 23(b)(3), class certification is unwarranted.

4

Accordingly, the following is **ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 121) is **ADOPTED** and made a part of this Order for all purposes, including appellate review.

2. Haines's Motion for Class Certification (Doc. 77) is **DENIED**.

**ORDERED** in Tampa, Florida, on March 2, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

5